[Civ. No. 9276.   Third Dist.   Jan. 7, 1958.]

CRAG LUMBER COMPANY, INC. (a Corporation), Appellant, v. H. C. CROFOOT et al., Respondents.

Morris M. Grupp for Appellant.

Spurr & Brunner and Sullivan, Roche, Johnson & Farraher for Respondents.

SCHOTTKY, J.—On June 10, 1954, plaintiff, Crag Lumber Company, Inc., recovered a money judgment against defendants in the sum of $118,575.80, plus interest at the legal rate on $31,250 from April 30, 1948, until paid.   Defendants appealed.

On appeal, the judgment of the trial court was modified by this court in *Crag Lbr. Co.* v. *Crofoot*, 144 Cal.App.2d 755 [301 P.2d 952], by reducing the amount of the judgment to $77,062.85.   On rehearing, this court further modified the judgment as rendered by deciding that the interest on $31,250 as allowed in the judgment from April 30, 1948, "until paid" was erroneous, since such allowance amounted to a duplication and modified the judgment further by allowing said interest only to the date of judgment.

On December 5, 1956, defendants filed their cost bill and on December 10, 1956, plaintiff moved to tax the costs on appeal by striking therefrom the cost of printing certain briefs as well as the cost of the premiums on the supersedeas bond amounting to $7,967.43.

From the affidavits in support of and in opposition to the motion to retax costs the following facts appear.

On August 5, 1954, the stay of execution on said judgment which had been granted by the trial court expired. Defendants did not have the total amount of cash due on the judgment available and plaintiff threatened to levy an execution against the real property of defendants; prior to the expiration of the stay of execution, defendants attempted to negotiate with plaintiff for the elimination of the necessity of the posting of a bond and the elimination of the consequent expenses in connection therewith. Plaintiff, in writing, advised defendants that no arrangement, in their opinion, could be satisfactorily arrived at which would eliminate the necessity of defendants' putting up the appeal bond. On August 5, 1954, defendants arranged to post an undertaking on appeal to stay execution in the statutory amount of $199,186.03.

After a hearing the trial court entered its judgment wherein it found as a fact that the undertaking given by the defendants to stay execution pending the appeal was not unnecessary and that the premium paid thereon was a reasonable and necessary cost. On December 10, 1956, defendants paid to plaintiff $94,353.03, which latter sum included $13,634.20 interest upon the judgment as modified from the date of its rendition on June 10, 1954, until December 10, 1956.

Plaintiff appeals from that portion of the order denying plaintiff's motion to retax costs on appeal as to the item covering the premium on the supersedeas bond in the sum of $7,967.43.

Section 1035 of the Code of Civil Procedure, which was added to the code in 1951 (Stats. 1951, ch. 1327, § 1) provides: "Whenever in this code or by other provision of law costs are allowed to a party to an action or other proceeding, such costs shall include the premium on any surety bond which was procured by the party entitled to recover costs in connection with the action or proceeding unless the court determines that the bond was unnecessary." Section 1035 was construed by our Supreme Court in *Stockton Theatres, Inc.* v. *Palermo*, 47 Cal.2d 469 [304 P.2d 7]. That case involved a bond to keep an attachment in force pending an

appeal, whereas in the instant case the bond was to stay execution on the judgment. The court said at page 477:

"Section 1035 which permits the premium on any surety bond to be included as an item of costs to the party to whom costs are allowed includes the qualification 'unless the court determines that the bond was unnecessary.' Palermo argues that the court's order disallowing the premium on the bond is, in effect, a finding that the bond was unnecessary. The trial court, however, disallowed the cost of the bond premium on the ground that such a cost was not specified in rule 26(c), Rules on Appeal, and that section 1035 of the Code of Civil Procedure did not apply at the appeal level.

"Having concluded that section 1035 of the Code of Civil Procedure permits as an item of costs on appeal the premium on a bond where one is required by law (Code Civ. Proc., § 946) in order to preserve an attachment, the cause must be reversed and remanded for a determination by the trial court as to whether or not a bond was necessary in the case under consideration."

We think it is clear that under the foregoing authority, section 1035 of the Code of Civil Procedure must be construed as providing that the premiums on any surety bond, including one for an undertaking to stay execution, may be recovered as costs unless the trial court determines, as a question of fact, that the bond was unnecessary. In the instant case the court has determined that the bond given by respondents to stay execution pending the appeal "was not unnecessary and that the premium paid thereon was a reasonable and necessary cost." The evidence hereinbefore set forth is sufficient to support this finding. Furthermore, we believe that the burden of proof was upon appellant to prove that the bond was unnecessary and that appellant has failed to meet that burden.

Appellant has cited a number of cases which were decided before the enactment of section 1035. Prior to the enactment of section 1035 of the Code of Civil Procedure, rule 26(c) of the Rules on Appeal governed the question as to what costs may be recovered, and the premiums paid on a bond in connection with the appeal were not one of the items of costs listed therein.

Prior to the enactment of rule 26(c) of the Rules on Appeal, no specific code section was in existence which specifically allowed as recoverable costs premiums paid on bonds, and all of the cases cited by appellant simply discuss the question whether premiums on bonds obtained in connection with

appeals could be recovered without express statutory authority on the theory that they are necessary costs.

Those authorities are no longer in point since the enactment of section 1035 of the Code of Civil Procedure wherein the express statutory authority for the recovery of such costs was supplied by the Legislature.

No other points raised require discussion.

The order denying plaintiff's motion to retax costs on appeal is affirmed.

Van Dyke, P. J., and Peek, J., concurred.