[No. A046810. First Dist., Div. Five. Apr. 23, 1991.]

GELDERMANN, INC., et al., Plaintiffs and Respondents, v. ALSTON L. BRUNER, Defendant and Appellant.

COUNSEL

Weiss & Weissman, Gregory P. Dolinajec, McNichols, McCann & Inderbitzen, Steve McNichols, Jr., and Pamela A. Lewis for Defendant and Appellant.

Farella, Braun & Martell, Douglas R. Young, Adam C. Dawson, Stephen M. Kass, Thomas J. Gill and Ronald A. Clark for Plaintiffs and Respondents.

OPINION

**KING, J.**—  In this case we hold that when a trial judge voluntarily disqualifies himself after completion of a court trial and the issuance of a tentative decision, he is statutorily precluded from any further action in the case, including the issuance of a statement of decision, except for those limited activities permitted by Code of Civil Procedure section 170.4, subdivision (a).

Alston L. Bruner appeals a judgment awarding Geldermann, Inc., a $150,000 real estate commission. The case went to trial in April 1988. All parties waived their right to challenge Judge Howard L. Schwartz based on his disclosure that his wife was a licensed real estate broker. On October 17, 1988, the trial court filed a 38-page tentative decision which was to become the statement of decision "unless either party specifies controverted issues or makes proposals not covered" therein. On October 31, Bruner filed a request for statement of decision (Code Civ. Proc., § 632) specifying 50 "controverted issues." The trial court ordered Geldermann to prepare and submit a proposed statement of decision and judgment (Cal. Rules of Court, rule 232(c)).

In a minute order dated November 23, 1988, Judge Schwartz revealed that he had placed his home on the market on or about November 4, had received an offer to purchase from Geldermann's attorney, Stephen Kass, on November 9, and entered into a purchase contract on November 22. On December 6, Bruner filed a motion for peremptory disqualification (Code Civ. Proc., § 170.6) and a statement of disqualification (Code Civ. Proc., § 170.1). The next day, Bruner filed objections to Geldermann's proposed statement of decision. In a minute order dated December 9, 1988, Judge Schwartz notified the parties that Kass had terminated the purchase contract the previous afternoon. At a December 12 hearing Bruner refused to withdraw his disqualification motion, Kass offered to withdraw as Geldermann's attorney, and Judge Schwartz refused to rule on any pending motions "until the disqualification matter is resolved." On December 15, Judge Schwartz filed an answer to the statement of disqualification (Code Civ. Proc., § 170.3, subd. (c)(3)).

On February 27, 1989, Judge Daniel M. Hanlon denied Bruner's disqualification motion. On March 7, we denied Bruner's petition for writ of mandate and request for immediate stay on the grounds that "trial has already commenced and been completed (citations), and any error affecting the remainder of the proceedings may be adequately reviewed on appeal from the final judgment." On March 30, the Supreme Court granted review and transferred the matter to us with directions to reconsider the petition on its merits. On April 7, we denied Bruner's renewed request for a stay.

On April 21, 1989, Judge Schwartz issued a minute order in which, on his own motion, he ruled that the interests of justice would best be served by another judge determining new posttrial issues. He then adopted his tentative decision as the statement of decision and continued pending motions for hearing in a different department.[1] On April 26, we denied Bruner's

---

[1] In his April 21 minute order Judge Schwartz declared, "While the Court continues to believe that it can fairly and impartially determine [posttrial issues of attorney fees, costs and sanctions, requiring evaluation of counsel's credibility], it is possible that its doing so could further delay and/or disrupt the finalization of trial proceedings regarding the extensive liability and substantive issues in the case, which consumed sixteen days of trial." He then noted that although the superior court had denied Bruner's disqualification motion and the Court of Appeal his request for a stay, it was unknown when and how the issue would finally be resolved. "In the interest of finalizing the substantive trial issues as quickly and properly as possible," he recused himself from the determination of posttrial motions "under Code of Civil Procedure Section 170.1(6)(A) [*sic*] on the ground that such recusal will promote the interests and the fair and expeditious administration of justice."

Judge Schwartz then announced, "The filing of a Statement of Decision is not new matter," since the case was "basically decided" in the long and detailed tentative decision filed weeks before the facts underlying Bruner's disqualification motion arose. Judge Schwartz found that no controverted issues or proposals not covered in the tentative decision had been raised. "The arguments submitted were basically the same as those made during the closing

petition for writ of mandate concluding, "there is no merit to petitioner's challenge to the order denying disqualification." On May 18, the Supreme Court denied Bruner's application for stay and petition for review.

On May 4, 1989, Bruner filed an objection to the "Purported Proposed Statement of Decision and Statement of Decision." On May 11, Judge Schwartz ruled that no hearing was necessary on the proposals or objections to the proposed statement of decision (Cal. Rules of Court, rule 232(f)). On May 19, Judge Schwartz filed his statement of decision and judgment. Bruner's motions to vacate the judgment (Code Civ. Proc., § 473) and for a new trial (Code Civ. Proc., § 657) were heard and denied by the presiding judge.

Bruner's primary contention is that the judicial disqualification statutes (Code Civ. Proc., §§ 170-170.8) invalidate Judge Schwartz's statement of decision and judgment which postdate his April 21, 1989, minute order recusing himself from hearing posttrial motions. We reluctantly agree.

"Whenever a judge determines himself or herself to be disqualified, the judge shall . . . not further participate in the proceeding, except as provided in Section 170.4 . . . ." (Code Civ. Proc., § 170.3, subd. (a)(1).) Code of Civil Procedure section 170.4, subdivision (d), provides, "Except as provided in this section, a disqualified judge shall have no power to act in any proceeding after his or her disqualification or after the filing of a statement of disqualification until the question of his or her disqualification has been determined." None of section 170.4's exceptions applies here.[2]

Geldermann points out that Judge Schwartz expressly intended to limit his recusal to "new matter" which did not include issuance of the statement of decision. The statutes, however, do not permit limited, partial or conditional recusal, and no cases are cited nor have any been found which do so. Nor is the process of moving from tentative decision to statement of decision "in effect a ministerial act," since the tentative decision is not binding

arguments at trial which were thoroughly considered and ruled upon after extensive review of the evidence. The Tentative Decision directly or by implication determines those issues raised by counsel in the post-trial papers and arguments." Thus, Judge Schwartz adopted his tentative decision as the statement of decision. Four days later, he corrected the April 21 order nunc pro tunc to reflect that he had adopted his tentative decision as the *proposed* statement of decision.

[2] After his or her disqualification a judge may only: "(1) Take any action or issue any order necessary to maintain the jurisdiction of the court pending the assignment of a judge not disqualified. (2) Request any other judge agreed upon by the parties to sit and act in his or her place. (3) Hear and determine purely default matters. (4) Issue an order for possession prior to judgment in eminent domain proceedings. (5) Set proceedings for trial or hearing. (6) Conduct settlement conferences."

on the court (Cal. Rules of Court, rule 232(a)), and in this case there were objections and proposals to be ruled upon.

It is clear that Judge Schwartz's intentions were honorable and he is to be commended for voluntarily disqualifying himself in the interest of expediting an already lengthy proceeding, although he was not required to do so. The case had taken several years to get to trial and had been tried for 16 days. Judge Schwartz was attempting to help the parties reach a conclusion to the litigation without the heavy expense of another trial. For these reasons, he sought to finalize the substantive issues, all of which he had heard and carefully considered. However admirable his intent, Judge Schwartz was precluded by Code of Civil Procedure section 170.4 from issuing a statement of decision and the judgment once he disqualified himself, or from taking any actions other than those permitted by that statute.[3]

The judgment is reversed. Costs on appeal are awarded to Bruner (Cal. Rules of Court, rule 26).

Low, P. J., and Haning, J., concurred.

Respondents' petition for review by the Supreme Court was denied July 25, 1991.

---

[3] Indeed, section 170.4, subdivision (c), provides that where a party files a statement of disqualification after a trial begins, the judge may order the trial to continue but "if it is determined that the judge is disqualified, all orders and rulings of the judge found to be disqualified made after the filing of the statement shall be vacated."