[No. A056783. First Dist., Div. Five. Oct. 21, 1992.]

GELDERMANN, INC., Plaintiff and Respondent, v.
ALSTON L. BRUNER et al., Defendants and Appellants.

## COUNSEL

Dolinajec & Yudien, Gregory P. Dolinajec and Jordan J. Yudien for Defendants and Appellants.

Farella, Braun & Martel, Douglas R. Young and Adam C. Dawson for Plaintiff and Respondent.

## OPINION

**KING, Acting P. J.**—In this case we hold a prevailing appellant may not recover a charge he incurred to obtain a letter of credit as security for an appeal bond.

Geldermann, Inc., won a money judgment against Alston L. Bruner, who appealed. Bruner posted an appeal bond. (Code Civ. Proc., § 917.1.) In order to secure the bond, Bruner obtained a letter of credit from Wells Fargo Bank. The bank charged $28,676 for the letter of credit. The premium on the appeal bond was $26,340.

Bruner prevailed on appeal. We reversed the judgment and awarded costs to Bruner. (*Geldermann, Inc.* v. *Bruner* (1991) 229 Cal.App.3d 662 [280 Cal.Rptr. 264].)

On remand, Bruner filed a memorandum of costs which included as "surety bond premiums" the $26,340 premium on the appeal bond *and* the

$28,676 charged by Wells Fargo Bank for the letter of credit. Geldermann moved to strike the charge for the letter of credit, citing *Golf West of Kentucky, Inc.* v. *Life Investors, Inc.* (1986) 178 Cal.App.3d 313, 316-317 [223 Cal.Rptr. 539], which held that charges for letters of credit obtained for an appeal bond are not recoverable as costs on appeal. The court granted Geldermann's motion and ordered the letter of credit charge stricken from the costs memorandum.

Rule 26(c) of the California Rules of Court (rule 26(c)) provides that a party awarded appellate costs "may recover only the following, when actually incurred: . . . (5) the premium on any surety bond procured by the party recovering costs, unless the court to which the remittitur is transmitted determines that the bond was unnecessary." The *Golf West* opinion strictly construed this provision to authorize recovery of *only* the premium on an appeal bond, and not fees for letters of credit that the appellant contended were in effect a prerequisite to obtaining the bond. (*Golf West of Kentucky, Inc.* v. *Life Investors, Inc., supra,* 178 Cal.App.3d at pp. 316-317.)

*Golf West* is on all fours with the present case. Bruner contends *Golf West* was wrongly decided. He asks us to construe rule 26(c) broadly, not strictly, to permit recovery of letter of credit charges as "premiums" on a surety bond.

The reasoning in *Golf West* is sound. The court relied on the restrictive language of rule 26(c) that "only the following" costs may be recovered. " 'The language is clear and leaves no room for the exercise of any discretion.' " (*Id.* at p. 316, quoting *Lane* v. *Pacific Greyhound Lines* (1947) 30 Cal.2d 914, 918 [187 P.2d 9].)

Commentary by Bernard E. Witkin, who drafted the Rules on Appeal in 1943, indicates he and the Judicial Council anticipated that rule 26(c) would be strictly construed. "It is to be expected that a provision such as Rule 26(c) or its predecessor, which lists and narrowly limits the items, will be criticised [*sic*] on the ground that it must be strictly construed, and that other legitimate expenses incurred in unusual cases will not be recoverable. Some thought was given to the advisability of adding a catch-all provision, such as 'any amounts specifically awarded by the reviewing court,' or 'any other expense actually incurred in good faith in the taking or prosecution of the appeal.' But it seemed wiser to retain the present conservative rule than to reward the efforts of ingenious and imaginative attorneys." (Witkin, *New California Rules On Appeal* (1944) 17 So.Cal.L.Rev. 232, 258-259, fns. omitted.)

The intent behind rule 26(c) is clear. *Only* the costs enumerated in the rule are recoverable, and the list of costs is to be strictly construed. A charge

incurred for a letter of credit to secure an appeal bond is not a listed cost, and under the rule of strict construction the charge cannot be considered a "premium" on the bond. The charge is therefore unrecoverable.

Bruner argues this approach ignores "commercial realities as to the true costs of obtaining an appeal bond." But appellate costs are not made recoverable by the mere fact they are reasonable; they are recoverable only as authorized by statute or rule of court. (*Muller* v. *Reagh* (1959) 170 Cal.App.2d 151, 153 [338 P.2d 601].) Commercial realities might convince the Judicial Council to amend rule 26(c) to permit recovery of charges for letters of credit, but that has not yet happened. Absent such authorization, we may not rely on practical considerations to permit recovery of a charge that is not among the "only" costs recoverable under rule 26(c).

This point was made by analogy in the *Golf West* opinion. "[M]ost appellants as a practical matter are forced to retain the services of an attorney in prosecuting an appeal. Rule 26(c)(2) provides recovery for 'the reasonable cost of printing or reproduction of briefs by other process of duplication; . . .' The reality that employing the services of an attorney may be a prerequisite to the drafting of the briefs to be duplicated does not support the inclusion in the cost bill of attorney's fees on that basis." (*Golf West of Kentucky, Inc.* v. *Life Investors, Inc.*, *supra*, 178 Cal.App.3d at p. 317.)

Bruner relies on two decisions from other jurisdictions. Both are inapposite.

In *Creed* v. *Apog* (1979) 377 Mass. 522 [386 N.E.2d 1273], the court held recoverable a charge incurred to obtain a letter of credit for a surety bond filed to dissolve an attachment. A Massachusetts statute provided that a prevailing party's costs "shall include . . . the premium or premiums paid for the bond dissolving such attachment, if it be a surety company bond." (*Id.* at p. 1274, fn. 3.) The court held that because this statute was *silent* as to other costs, recovery of other costs was governed by another statute and a rule of civil procedure which established a general policy "favoring awards of actual costs to prevailing parties, but leaving considerable discretion to the judge." (*Id.* at p. 1275.) In contrast, rule 26(c) is not silent as to unlisted costs, but states that "only" the listed costs are recoverable. Unlike in Massachusetts, the costs award is not left to the discretion of the trial judge. (*Golf West of Kentucky, Inc.* v. *Life Investors, Inc.*, *supra*, 178 Cal.App.3d at p. 316.)

In *Trans World Airlines, Inc.* v. *Hughes* (2d Cir. 1975) 515 F.2d 173, costs incurred for a letter of credit were held recoverable under rule 39(e) of the

Federal Rules of Appellate Procedure, which provides for recovery of premiums paid for supersedeas bonds. In that case, however, the letter of credit was presented as security in lieu of a supersedeas bond—i.e., as an alternative form of security—because the size of the judgment made a supersedeas bond impracticable. (515 F.2d at pp. 175, 178.) Under the peculiar facts of the case, the costs of the letter of credit were treated as a *substitute* for a bond premium and hence recoverable as such. That is not the case here. Bruner seeks recovery of a charge incurred not as a substitute for an appeal bond premium, but in *addition* to the premium. To construe rule 26(c) as authorizing recovery of such an additional charge would contravene the doctrine of strict construction.

We agree with Bruner that rule 26(c) ignores the commercial realities of today which may require an expenditure for a letter of credit to use as security for the appeal bond. Fairness in this case would compel Geldermann to reimburse Bruner for the cost of the letter of credit. Unfortunately, this is not a matter of equity, but a rule which we must construe strictly. Although it will not benefit Bruner, we suggest his argument must be addressed to the Judicial Council. That body possesses the authority to adopt or amend California Rules of Court; we do not. Our authority is limited to applying them as written.

The order is affirmed.

Haning, J., and Walker, J.,* concurred.

---

*Judge of the Napa Superior Court sitting under assignment by the Chairperson of the Judicial Council.