[No. D033909. Fourth Dist., Div. One. July 6, 2000.]

HARRY G. COOPER, Plaintiff and Appellant, v.
WESTBROOK TORREY HILLS, LP, Defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

[1]Under California Rules of Court, rule 976(b) and 976.1, the introductory paragraph, Factual and Procedural Background, Discussion I, and Conclusion are certified for publication.

COUNSEL

Solomon Ward Seidenwurm & Smith, Richard E. McCarthy and Daniel E. Gardenswartz for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Linda D. Fox and Karin Dougan Vogel for Defendant and Respondent.

OPINION

**BENKE, J.**—Plaintiff Harry G. Cooper appeals from an order denying his motion to recover from defendant Westbrook Torrey Hills, LP (Westbrook),[2] costs Cooper incurred in making a cash deposit which stayed foreclosure proceedings initiated by Westbrook. Cooper contends the loan costs are recoverable under rule 26(c), California Rules of Court.[3] We agree with Cooper and reverse the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

Cooper and Westbrook owned adjacent parcels of land they wished to develop. Toward that end, Cooper, Westbrook and other adjoining landowners entered into a development agreement with the City of San Diego (the City) and a separate agreement among developers (AAD) with each other dated June 14, 1989. The agreement with the City required Westbrook and Cooper to pay the City the cost of infrastructure improvements that the City would make.[4] In addition, Westbrook, Cooper and other landowners agreed to improve their respective parcels in a number of respects, including for instance altering existing soil levels. The AAD made Westbrook, Cooper and other adjoining landowners financially responsible for the cost of these improvements.

Westbrook supervised and advanced the cost of approximately $1.6 million in improvements to Cooper's property. The improvements were required under the development agreement and Cooper secured the amounts advanced by Westbrook with a deed of trust on his land.

However, at no relevant time did Westbrook hold a California contractor's license. After learning that Westbrook did not have a contractor's license,

[2]Formerly AG Land Associates, LLC, and AGLL Corporation.

[3]All rule references are to the California Rules of Court unless otherwise stated.

[4]The City agreed to provide a fire station, a highway interchange, a sedimentation basin and complete other projects which benefited each of the landowners.

Cooper stopped making payments to Westbrook. In response to Cooper's failure to pay for improvements it had made, Westbrook recorded a notice of default under the deed of trust.

In order to prevent the foreclosure proceeding from moving forward, Cooper filed suit against Westbrook on January 17, 1997, seeking declaratory and injunctive relief. Cooper alleged that as an unlicensed contractor, Westbrook could not recover any compensation for the improvements it had made to Cooper's property. (Bus. & Prof. Code, § 7028, subd. (a).)

On August 21, 1997, the trial court, on stipulated facts, entered judgment for Westbrook and determined that under the circumstances of the case, Westbrook was not required to hold a contractor's license to perform work on Cooper's land.

Westbrook renoticed the default and foreclosure sale under the deed of trust on September 9, 1997. On September 10, 1997, Cooper filed a notice of appeal.

Because its other attempts to stay foreclosure were unsuccessful,[5] Cooper asked the trial court to set an amount for an undertaking. The trial court set an amount of $2.5 million, one and one-half times the amount of the disputed debt.

In order to finance the undertaking, Cooper obtained a $3 million loan and deposited $2.5 million of the loan proceeds with the clerk of the court. Cooper used the remaining loan proceeds to pay interest on the loan.

On November 16, 1998, we reversed the trial court's judgment. (*Cooper v. Westbrook Torrey Hills* (Nov. 16, 1998, D029421) [nonpub. opn.].) We found that Westbrook's improvements to Cooper's property were work which required a contractor's license and that accordingly Cooper was not required to pay for the work. (Bus. & Prof. Code, § 7028, subd. (a).)

On remand, Cooper filed a memorandum in which he sought to recover over $200,000 in expenses he had incurred in making his deposit. The trial

---

[5]Cooper requested that Westbrook voluntarily stay its nonjudicial foreclosure pending the appeal in a letter dated September 23, 1997. Westbrook rejected this request.

Cooper filed a petition for writ of supersedeas with this court requesting a stay of the foreclosure. The writ was denied. Cooper then offered Westbrook an irrevocable letter of credit for the entire amount claimed, plus interest, in exchange for Westbrook's agreement to forgo foreclosure pending appeal. Westbrook rejected Cooper's proposal and continued with the foreclosure proceeding. Cooper went so far as to offer to pay the full amount of the claimed debt pending appeal if Westbrook would agree not to argue that payment would render the appeal moot. Westbrook declined this proposal as well.

court determined rule 26(c) does not permit a party to recover the expenses associated with making a cash deposit in lieu of a surety bond. In the alternative the trial court stated that even if it had discretion to award them to Cooper, "I would not in my discretion award Mr. Cooper the costs."

We reverse the trial court's order.

## DISCUSSION

### I

Rule 26(c)(6) requires that reasonable expenses necessary to acquire a bond are to be awarded to the prevailing party. Code of Civil Procedure[6] section 995.730 explicitly requires that a deposit given in place of a bond must be treated in the same manner as a bond. Thus, contrary to the trial court's ruling, the reasonable expense incurred in making a deposit must be awarded a prevailing party such as Cooper.

In pertinent part, rule 26(c) provides: "The party to whom costs are awarded may recover only the following, when actually incurred: . . . (5) the premium on any surety bond procured by the party recovering costs, unless the court to which the remittitur is transmitted determines that the bond was unnecessary; and (6) other expense reasonably necessary to procure the surety bond, such as the expense of acquiring a letter of credit required as collateral for the bond."

In 1982, the Legislature enacted a specific provision governing deposits in lieu of bonds, section 995.730. Section 995.730 provides: "A deposit given instead of a bond has the *same force and effect*, is treated the same, and is subject to the same conditions, liability, and statutory provisions, including provisions for increase and decrease of amount, as the bond." (§ 995.730, italics added.)

The Judicial Council is empowered to "adopt rules for court administration, practice and procedure, and perform other functions prescribed by statute. The rules adopted *shall* not be inconsistent with statute." (Cal. Const., art. VI, § 6, italics added; see also 2 Witkin, Cal. Procedure (4th ed. 1996) Courts, § 204, pp. 272-273.) "It is settled that in order to comply with the constitutional requirement of consistency with statutory law, a rule of court must not conflict with the statutory intent." (*Trans-Action Commercial Investors, Ltd. v. Firmaterr, Inc.* (1997) 60 Cal.App.4th 352, 364 [70 Cal.Rptr.2d 449]; see also *People v. Hall* (1994) 8 Cal.4th 950, 960-963 [35

---

[6]Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

Cal.Rptr.2d 432, 883 P.2d 974]; *California Court Reporters Assn. v. Judicial Council of California* (1995) 39 Cal.App.4th 15, 25-26 [46 Cal.Rptr.2d 44]; cf. *Cox v. Superior Court* (1993) 19 Cal.App.4th 1046, 1050-1051 [23 Cal.Rptr.2d 751] [applying a similar provision of Gov. Code, § 68070 authorizing courts to make local rules " 'not inconsistent with law' "].) If a court cannot construe a rule of court to be consistent with a statute, the rule is invalid. (*Maldonado v. Superior* Court (1984) 162 Cal.App.3d 1259, 1265 [209 Cal.Rptr. 199].) The hierarchy is well established: "[T]he rules promulgated by the Judicial Council are subordinate to statutes." (*Id.* at p. 1265.)

In order to read rule 26(c) consistent with section 995.730, the reasonable or necessary costs associated with procuring a deposit in lieu of a bond must be awarded to a prevailing party.[7] Nevertheless, Westbrook maintains that rule 26(c) only permits recovery of the costs specified by the rule. In making this argument, Westbrook relies on three cases which, in light of later statutory and rule changes, are no longer controlling.

First, Westbrook relies on *Sequoia Vacuum Systems v. Stransky* (1964) 229 Cal.App.2d 281 [40 Cal.Rptr. 203]. In *Sequoia,* the court held rule 26(c) only allows recovery of a premium on a surety bond and therefore refused to award the expenses associated with a deposit in lieu of a bond because it was not a specifically enumerated cost. (*Sequoia,* at p. 289.) Westbrook also relies on *Golf West of Kentucky, Inc. v. Life Investors, Inc.* (1986) 178 Cal.App.3d 313 [223 Cal.Rptr. 539], in which the court held rule 26(c) prohibited recovery of costs to collateralize a surety bond because such costs were not specifically enumerated. (*Golf West,* at pp. 316-317.)

Finally, Westbrook relies on *Geldermann, Inc. v. Bruner* (1992) 10 Cal.App.4th 640 [12 Cal.Rptr.2d 654], where the court also refused to award costs incurred in the process of securing a letter of credit in order to collateralize a surety bond because this cost was not specifically listed in rule 26(c). (10 Cal.App.4th at p. 644.) In reaching this conclusion, the *Geldermann* court put the Legislature on notice that rule 26(c) led to inequitable results. The court stated rule 26(c) "ignores the commercial realities of today which may require an expenditure for a letter of credit to use as security," and further noted that "[f]airness in this case would compel [plaintiff] to reimburse [defendant] for the cost of the letter of credit." (10

---

[7]Other jurisdictions have considered this issue and have reached similar conclusions. Costs of collateral are recoverable even though the security was not labeled a "bond." In *Trans World Airlines, Inc. v. Hughes* (2d Cir. 1975) 515 F.2d 173, certiorari denied (1976) 424 U.S. 934 [96 S.Ct. 1147, 47 L.Ed.2d 341], the Second Circuit awarded the prevailing defendant the reasonable costs of a letter of credit, as well as the cost of required quarterly audits of the defendant company's net worth, both of which were provided "in lieu of providing a supersedes bond." (515 F.2d at p. 177.)

Cal.App.4th at p. 644.) The court further advised the defendant to make his argument to the Judicial Council, the body charged with amending and adopting California Rules of Court. (*Ibid.*)

The Judicial Council responded directly to the *Geldermann* court's concern by adding, as of January 1, 1994, subparagraph (6) to rule 26(c) and expressly permitting recovery of any "other expense" needed to obtain a bond, including the cost of obtaining a letter of credit. (Rule 26(c)(6); see also 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 819, p. 845.)

Westbrook argues that the amendment to the rule is a strict one directed solely at the situations present in *Geldermann* and *Golf West*; that is, costs associated with obtaining a surety bond. However, as Cooper points out, under section 995.730 we are required to treat a bond and a deposit in lieu of a bond as equivalents. Because under rule 26(c)(6) the cost of obtaining a bond is recoverable, the cost of making a cash deposit is also recoverable. Thus, contrary to the trial court's finding, Cooper was entitled to recover the reasonable and necessary expenses he incurred in making the cash deposit.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONCLUSION

Because there was no basis in the record upon which the trial court could properly deny Cooper's request for the interest costs he incurred in making the deposit needed to stay foreclosure pending his prior appeal, the trial court's order must be reversed. On remand the trial court is directed to award Cooper such interest expenses as it finds were reasonable and necessary.

Order reversed; Cooper to recover his costs of appeal.

Work, Acting P. J., and McIntyre, J., concurred.

---

*See footnote 1, *ante*, page 1294.