Filed 7/6/23  P. v. Fawcett CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARK RANDALL FAWCETT,<br><br>Defendant and Appellant. | F084528<br><br>(Super. Ct. No. 18CR-02358)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Donald E. Shaver, Judge.†

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Franson, Acting P. J., Peña, J. and Snauffer, J.

†Retired judge of the Stanislaus Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**INTRODUCTION**

A jury convicted defendant Mark Randall Fawcett of threatening state officials (Pen. Code, § 76; count 1), criminal threats (§ 422, subd. (a); count 2), and disobeying a court order (§ 166, subd. (a)(4); count 4, a misdemeanor) based on an incident during which defendant yelled a threat to blow up the building at two court clerks outside of the courthouse. (Undesignated statutory references are to the Penal Code.) In a bifurcated proceeding, defendant admitted a prior prison term enhancement. The court sentenced defendant to the upper term of three years' imprisonment on count 2 and stayed a three-year upper term sentence on count 1 and a six-month jail term as to count 4. The court also imposed the one-year prior prison term enhancement for an aggregate sentence of four years.

Defendant appealed the judgment and we previously concluded he was entitled to a remand for resentencing in light of the passage of Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), and that his prison prior enhancement must be stricken on remand. In all other respects, we affirmed the judgment.

While defendant's appeal was pending, the court held a hearing before the judge who presided over defendant's trial. At the outset of that hearing, the trial judge disqualified himself from the case and transferred the matter to a different judge. Following our court's remand, a resentencing hearing was held before the trial judge who had disqualified himself from the case while the appeal was pending. Defendant was again sentenced to the upper term of three years on the criminal threat count (count 2) at the resentencing hearing.

Defendant now appeals from the judgment following the resentencing hearing. He asserts, and the People agree, the matter should be remanded for a new resentencing hearing because the trial judge was unauthorized to preside over the resentencing hearing after previously recusing himself from the case. Defendant also asserts there were no valid aggravating factors to support imposition of the upper term sentence and his

counsel provided ineffective assistance at the resentencing hearing. Finally, he contends, and the People agree, the abstract of judgment issued after the resentencing hearing does not reflect updated custody credits as required.

We remand for further proceedings consistent with this opinion. In all other respects, we affirm the judgment.

## FACTUAL BACKGROUND

In connection with a May 17, 2018, incident during which defendant yelled a threat to blow up the building at court clerks in front of the courthouse, defendant was charged with threatening a public official (namely, the court clerks), with the intent the statement be taken as a threat and with the apparent ability to carry out the threat (§ 76, subd. (a); count 1), criminal threats against the court clerks (§ 422, subd. (a); count 2), resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); count 3), and disobeying a court order (§ 166, subd. (a)(4); count 4). A jury convicted defendant of counts 1, 2, and 4 and could not reach a verdict on count 3, which the prosecutor dismissed on his own motion. In a bifurcated proceeding, the court found true the prior prison term enhancement alleged as to counts 1 and 2. The court sentenced defendant to the upper term of three years' imprisonment on count 2 plus one year for the prison prior enhancement and stayed a three-year upper term on count 1 and a six-month jail term as to count 4. Defendant appealed his convictions asserting, in part, his prison prior enhancement should be stricken pursuant to Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136), and that he was entitled to remand for resentencing under Senate Bill 567.

On April 9, 2021, while defendant's previous appeal was pending in our court, the trial court held a "Modification" hearing. At the outset of that hearing, the Honorable Donald E. Shaver stated the Chief Justice assigned him this case and he presided over the trial in 2018. He explained he "was an assigned judge because all the judges on the bench had recused themselves since [the case] involved court employees." Judge Shaver

3.

then recused himself from the matter, stating: "[A]t this time I'm now a bench officer in the county, as well too; so I do need to disqualify myself pursuant to [Code of Civil Procedure section] 170.1 on that matter." He directed the case be sent to a different courtroom, and it was transferred to Honorable Ronald Hansen's courtroom for consideration of a request by one of the named victims in this case to extend a protective restraining order.

Thereafter, in an unpublished opinion, our court held Senate Bill 567 entitled defendant to a remand for resentencing and Senate Bill 136 required his prison prior enhancement to be stricken. (*People v. Fawcett* (Mar. 4, 2022, F078256).) We rejected defendant's other challenges to his convictions and, in all other respects, affirmed the judgment. (*Ibid*.)

After our court's remand of the matter, the trial court held a resentencing hearing on June 6, 2022, over which Judge Shaver presided. At the resentencing hearing, the court stated it read and considered the court's file and it took judicial notice of it. The prosecutor argued, "in terms of some of the aggravating factors for this sentence," the court could consider that defendant waived a jury trial as to his prison prior and the court found it true. He argued the court could consider "factors relating to the Defendant," including "[d]efendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are increasing in seriousness, which … would be relevant and applicable here, as was the fact that the [d]efendant had served a prior prison term in prison or county jail." "Based on that," the prosecutor asked for the aggravated sentence of three years for defendant's violation of section 422.

The following colloquy then ensued:

"[DEFENSE COUNSEL]: I would ask the Court to reconsider the midterm. I believe at that time [defendant's] history was not as dire as it might be today, four years later.

4.

"And I do agree that the prison prior must be stricken, so that definitely—I am kind of—reading the last few sentences of that opinion by the 5th, it appears they only sent it back to be resentenced on the prison prior. I might be wrong. It didn't appear to me they sent it back for everything, just to let the Court know where I'm coming from.

"THE COURT: It's resentencing. So I think I need to do a complete resentence.

"[DEFENSE COUNSEL]: Okay. All right. All right.

"[PROSECUTOR]: And I believe it does still apply as to the factors in aggravation the Court needs to consider in terms of which, if any, triad's reached.

"[DEFENSE COUNSEL]: I would ask the midterm in that case, Your Honor. [Defendant] has been in continuous custody since then."

The parties submitted and the court reimposed the upper term explaining:

"So the case was returned by the 5th because the Court had considered California Rules of Court 4.421(b)(1), which was appropriate at the time, but, subsequently, new legislation prevented the Court from considering that factor unless it was based on findings that the jury had made as opposed to findings the judge had made.

"There were two other Rules of Court the Court considered at that time, 4.421(b)(3) and subdivision (b)(5), and both of those the Court held were appropriate for the Court to consider because they related to the prior prison term, which the Court can see from the Court's file—can gather information from the Court's file and take judicial notice of that. So that does not require a finding by the jury before that can be considered.

"(b)(3) I initially said seemed applicable based on the fact that he had served a prior prison term and poor performance on probation, and (b)(5) had to do with—I found that to be appropriate because of prior performance on probation as being unsatisfactory.

"This is a case of course where the Defendant is not an appropriate candidate for Probation, and, accordingly, Probation is denied based on his prior prison commitment.

"Of course the Court actually struck the prison prior, so that's not something I need to do here. That's done and over with.

5.

"The Court said that what I needed to do at this time was to make a decision then based on the triad and what the appropriate sentence would be. I think it's clear the mitigated term would not be appropriate. The decision basically is between the midterm and the aggravated term.

"The Court's view is that in deciding that the Court can't just automatically say, 'Well, he's got a prior prison term so I'm going to choose the aggravated term,' because that would indicate in my mind that the Court is not really exercising discretion. So if it was something like an almost unwritten rule that every time there's a prior prison term he gets the aggravated term, that would certainly be an inappropriate exercise of discretion.

"So that makes me believe that I need to look at the prior prison term and find out what about that prior prison term would make it something that could be considered as a factor in aggravation, as opposed to not significant enough to make any difference, meaning midterm at this time.

"So in looking at the court's file to see if there's something about that prior prison term that should be considered a factor in aggravation, the things that I considered were, first of all, what the prior prison term offense was. It was a stalking charge on his prior prison term, which, in the Court's view, is somewhat similar to the case that he's here for today, which had to do with making threats to court employees as they were entering the courthouse. Maybe not technically a stalking, but the same type of offense.

"The other thing I looked at is how old the prior prison term was. It had to be within five years to be charged as a prior prison term, which is somewhat irrelevant at this point, but, at any rate, to be aggravated it would have to be something considerably less than five years in my mind to be something that could be relied on as far as whether or not it would be aggravated. He was sentenced in that case.

"To back up just a little bit, the other thing to look at of course is how that sentencing came about. In his prior case, CRL011165, the prior that was stricken, he was on probation and on his second violation of probation. Probation was violated and that's what sent him to state prison. That happened on March 30th of 2016. And at that sentencing the judge chose the aggravated term to send him to state prison, and he had accumulated credits.

"This case occurred May 17th of 2018. So while I don't know exactly what date he was released from prison on this prior, it's clear to me that this offense occurred in very short order after his release from prison.

6.

"So the fact that it was a similar offense, that it occurred after he had been out on—from the state prison a very short period of time before the new offense was committed, and I think to a certain extent the fact that the commitment that he had just gotten released from was an aggravated term, the prior prison term, and that was aggravated because he continually ignored the terms of probation by re-contacting the victim of the stalking.

"So the similarities, the short period of time, the aggravated term that he received on the prior all in my mind add up to factors which the Court can consider to determine whether or not the midterm or the aggravated term would be appropriate here.

"And, based on that, I am going to go ahead and find that the factors in aggravation outweigh those in mitigation and outweigh any considerations of midterm, and I am going to go ahead and impose the upper term of three years."

The court noted defendant would be sentenced for the offenses which were pending and that the probation department could do a calculation of credits at that time. At the end of the hearing, the court further stated for the record:

"I was the trial judge on this case pursuant to assignment by the Chief Justice as an assigned judge, and that assignment carries with it a tail … that all proceedings related to that case are pursuant to that assignment.

"Of course, since that time, with the limitations on assignments, I've been hired full time by Merced Superior Court as a commissioner, but the record should show I'm sitting as assigned judge pursuant to the original assignment, not as a commissioner."

## DISCUSSION

## I. Defendant Is Entitled to a New Sentencing Hearing

Initially, the parties agree, as do we, that the matter should be remanded for a new sentencing hearing because Judge Shaver was not authorized to preside over the previous resentencing hearing in light of his earlier recusal from the case. Accordingly, we remand and a new resentencing hearing is necessary on this basis.

7.

## A.     Standard of Review and Applicable Law

"'Statutes governing disqualification for cause are intended to ensure public confidence in the judiciary and to protect the right of the litigants to a fair and impartial adjudicator ….'" (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1251.)

Code of Civil Procedure section 170.1 sets forth grounds upon which a judge may be disqualified.  This section provides, in part, "(a) A judge shall be disqualified if any one or more of the following are true:  [¶] … [¶] (6)(A) For any reason:  [¶] (i) The judge believes his or her recusal would further the interests of justice.  [¶] (ii) The judge believes there is a substantial doubt as to his or her capacity to be impartial.  [¶] (iii) A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."  Pursuant to Code of Civil Procedure section 170.3, subdivision (a)(1), "If a judge determines himself or herself to be disqualified, the judge shall notify the presiding judge of the court of his or her recusal and shall not further participate in the proceeding, except as provided in section 170.4, unless his or her disqualification is waived by the parties as provided in subdivision (b)."

Code of Civil Procedure section 170.4, subdivision (a) explains the powers of disqualified judges, notwithstanding his or her disqualification.  Under this section, a disqualified judge may "(1) Take any action or issue any order necessary to maintain the jurisdiction of the court pending the assignment of a judge not disqualified.  [¶] (2) Request any other judge agreed upon by the parties to sit and act in his or her place. [¶] (3) Hear and determine purely default matters.  [¶] (4) Issue an order for possession prior to judgment in eminent domain proceedings.  [¶] (5) Set proceedings for trial or hearing.  [¶] (6) Conduct settlement conferences."  Subdivision (d) of this statute states: "Except as provided in this section, a disqualified judge shall have no power to act in any proceeding after his or her disqualification or after the filing of a statement of disqualification until the question of his or her disqualification has been determined." (Code Civ. Proc. § 170.4, subd. (d).)

"The [disqualification] statutes … do not permit limited, partial or conditional recusal." (*Geldermann, Inc. v. Bruner* (1991) 229 Cal.App.3d 662, 665.) "Except in very limited circumstances …, a disqualified judge has no power to act in any proceedings after his or her disqualification." (*Christie v. City of El Centro* (2006) 135 Cal.App.4th 767, 776.) Accordingly, "orders made by a disqualified judge are void." (*Rossco Holdings, Inc. v. Bank of America* (2007) 149 Cal.App.4th 1353, 1362.)

### B.       Analysis

Defendant argues Judge Shaver had no authority to pronounce sentence in this case given his previous disqualification, so the sentence he pronounced is void. Accordingly, he requests reversal of the judgment and a remand to the superior court with directions to a hold a new resentencing before a judge with the authority to pronounce sentence in this matter. The People respond the trial court's June 6, 2022, order was in excess of its jurisdiction and must be vacated. We conclude a new resentencing hearing is required on this basis

Here, the record reflects that Judge Shaver voluntarily disqualified himself from the current matter and he did not ask the parties to waive his disqualification nor did they agree to do so. (See Code Civ. Proc., § 170.3, subd. (b)(1).) As a result, he had no power to act in any further proceedings except as provided for in Code of Civil Procedure section 170.4. Nevertheless, he presided over and pronounced a new sentence during the resentencing hearing, which is not among the limited actions he could take as a disqualified judge. Accordingly, the resulting order is void and must be vacated.

## II.      Court May Reconsider Imposition of Upper Term at Resentencing

Defendant also challenges the trial court's reimposition of the upper term. He argues the court erred in considering his prior conviction in imposing the upper term because the record does not disclose the prior conviction was established by a certified record of conviction. He notes, though he admitted the truth of a prior conviction term

9.

before the passage of Senate Bill 567, this admission was not a stipulation for the purpose of allowing the court to consider this as an aggravating sentencing factor under subdivision (b)(3) of section 1170, citing *People v. Dunn* (2022) 81 Cal.App.5th 394 in support. He further contends the court erred in considering the circumstances surrounding the prior conviction without a stipulation or a trial on them. And he contends he is not required to show prejudice because the imposed sentence was unauthorized based on the lack of any valid aggravating factors. He further contends the prosecution should not get another opportunity to retry the aggravating factors, citing *People v. Seel* (2004) 34 Cal.4th 535.

Because the trial court's order is void, we do not reach the merits of its ruling. (See *Urias v. Harris Farms*, *Inc*. (1991) 234 Cal.App.3d 415, 427 [declining to reach merits of summary judgment motion and ruling made by disqualified judge].) Defendant may challenge the imposition of the upper term at the new resentencing hearing below. And we reject defendant's contention that the People cannot seek, and the trial court cannot consider, reimposition of the upper term at resentencing. (See *People v. Kim* (2012) 212 Cal.App.4th 117, 125 ["'A "final" but void order can have no preclusive effect. "'A void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one.'"" [Citation.]"].)

However, we reiterate that the trial court's consideration of the appropriate term should be guided by the language of section 1170 as recently amended. Specifically, section 1170, subdivision (b) provides, in part:

> "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) *The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.* Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (Italics added.)

Said differently, the court may only impose the upper term when there are circumstances in aggravation of the crime that justify imposition of a term exceeding the middle term, *and the facts underlying those aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.* (See § 1170, subd. (b)(2).) The court may also consider the defendant's prior convictions *based on a certified record of conviction without submitting the prior convictions to a jury.* (See § 1170, subd. (b)(3).)

## III. Defendant's Remaining Claims Are Also Moot

Defendant further argues his counsel was ineffective at the resentencing hearing, asserting she did not understand the purpose of the hearing nor was prepared to argue on his behalf. The People agree, as do we, that this claim is moot because we are remanding for a new resentencing hearing.

Defendant also asserts the trial court failed to recalculate his custody credits at resentencing. The People agree the court erred in failing to recalculate defendant's custody credits at resentencing and they assert we should direct the trial court on remand

11.

to recalculate defendant's custody credits to reflect the actual days of custody from defendant's arrest for the 2018 offense up to and including the new resentencing date.

Because we are remanding for a new resentencing hearing, a new abstract of judgment should be prepared after that hearing. The new abstract of judgment should reflect the correct calculation of defendant's custody credits as of the date of the new resentencing. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 37–41 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time"].)

## DISPOSITION

The matter is remanded with directions to the trial court to vacate the judgment and to conduct a resentencing of defendant by a judge who is not disqualified to hear the matter. After resentencing defendant, the clerk of the superior court is directed to prepare an amended abstract of judgment, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

12.