[Civ. No. 25386.   Second Dist., Div. Three.   Feb. 27, 1962.]

EMIL M. LICHTENAUER et al., Plaintiffs and Appellants, v. JOSEPHINE DORSTEWITZ et al., Defendants and Respondents.

Irving H. Green and Eric Julber for Plaintiffs and Appellants.

Gilbert, Thompson & Kelly, Ernest L. Kelly and Jean Wunderlich for Defendants and Respondents.

FORD, J.—This is an appeal from an order striking the plaintiffs' cost bill. Emil Lichtenauer and Pearl I. Lichtenauer, husband and wife, brought the present action to re-

cover damages for personal injuries alleged to have been caused by the negligence of the defendants. The accident occurred on October 18, 1958. The cause of action of each plaintiff was stated separately. Mr. Lichtenauer sought general damages in the amount of $75,000, together with special damages. In addition to special damages, Mrs. Lichtenauer prayed for general damages in the amount of $50,000. Upon the trial the jury rendered its verdict in favor of Mr. Lichtenauer for the sum of $3,000 and in favor of Mrs. Lichtenauer for the sum of $2,000, each award being in an amount for which recovery could have been had in the municipal court. No order was sought or made in the superior court for the allowance of costs to the plaintiffs pursuant to the provisions of section 1032 of the Code of Civil Procedure.[1] However, apparently on the assumption that the plaintiffs were entitled to costs as a matter of right because the total of the amounts awarded was $5,000 and thus in excess of the then monetary jurisdiction of the municipal court, the plaintiffs filed a cost bill. The propriety of the order of the trial court striking that cost bill is the question here presented.

We have reached the conclusion that the order of the court below was correct. There would be merit in the plaintiffs' position if the damages awarded constituted community property because the husband and wife would then be jointly interested in the total amount recovered. (*Frost* v. *Mighetto,* 22 Cal.App.2d 612, 615 [71 P.2d 932] ; see *Thomas* v. *Smith,* 2 Cal.App.2d 701 [38 P.2d 827].) However, the accident in the present case occurred after the addition of section 163.5 to the Civil Code in 1957. That section is as follows: "All damages, special and general, awarded a married person in a civil action for personal injuries, are the separate property of such married person." Consequently, each spouse in the present case had no interest in the amount adjudged to be due the other.

The fact that the husband and wife were permitted to join as parties plaintiff does not aid their position inasmuch as the cause of action of each was separate from that of the other.

[1]Section 1032 of the Code of Civil Procedure is in part as follows: "In the superior court . . . (d) In all actions, whether mentioned in this section or not, if the prevailing party recovers a judgment that could have been rendered in a court inferior in jurisdiction in the county or city and county, such prevailing party shall not recover costs unless the judge, who presided at the trial, or, in the event of his inability for any reason to act, some other judge of the court, in his discretion, makes an order, allowing costs or such part thereof as he deems proper."

As stated in *Colla* v. *Carmichael U-Drive Autos, Inc.*, 111 Cal.App. Supp. 784 [294 P. 378], at page 788: "In the complaint filed, each 'case' or cause of action preserved its identity and each plaintiff prayed for and obtained a segregated award based on the damages individually proved. The code section [Code Civ. Proc., § 378] contemplates of course an action single in form, but with each 'case' or demand retaining its distinctive identity as though pleaded in an independent action. No plaintiff is interested in the entire complaint. The interest of each is in his own 'case' or cause of action; and the complaint as a whole is merely a series of 'cases' embodied in one document.

"The institution of a joint action thus amounts to an election to consolidate at the outset several causes of action for trial instead of bringing several actions based on common grounds, and then having them consolidated later." (See also 1 Chadbourn, Grossman & Van Alstyne, California Pleading, § 183.)

Since each cause of action retained its distinctive identity and each plaintiff recovered on his or her separate demand, the matter of the right to costs had to be determined with respect to each award separately and not in the light of the aggregate amount awarded to both plaintiffs. (Cf. *Fields* v. *Napa Milling Co.*, 164 Cal.App.2d 442, 450 [330 P.2d 459, 68 A.L.R.2d 1052].)

The order is affirmed.

Shinn, P. J., and Files, J., concurred.