[Civ. No. 28333.   Second Dist., Div. Four.   Oct. 20, 1965.]

SIMON G. AVALOS et al., Plaintiffs and Appellants, v. KATIE MAE WELTY, Defendant and Respondent.

Heily & Blase and Edward L. Lascher for Plaintiffs and Appellants.

Archbald & Halde, Archbald & Zelezny, and Malcolm Archbald for Defendant and Respondent.

FILES, P. J.—The complaint contains two causes of action, one for injuries sustained by plaintiff Simon G. Avalos in an automobile accident, and the other for injuries sustained by Josephine Avalos in the same accident. A jury returned a verdict in favor of Simon in the amount of $11,000 and in favor of Josephine in the amount of $1,400. Judgment was entered on these verdicts. Defendant then moved for a new trial as to Simon only, upon the ground, among others, of insufficiency of the evidence. The court granted the motion "upon the ground that the evidence is insufficient to justify the verdict of the jury as to general damages" unless Simon consented that the judgment be reduced by $3,000. The order further stated "that defendant's motion for a new trial as to defendant Josephine Avalos be, and the same hereby is denied."

Simon did not consent to the reduction. Both plaintiffs have appealed from the order granting a new trial.

The record on appeal consists only of a clerk's transcript. The evidence is not before us. We must therefore assume that the evidence supports the order which the trial court made. (*Finney* v. *Lockhart,* 35 Cal.2d 161, 164-165 [217 P.2d 19].)

The record does contain an opinion written by the trial judge discussing the evidence when he decided the motion for a new trial. Plaintiffs' attack upon this opinion is wasted. The opinion does not serve as a substitute for a record of the evidence. (*Estate of Bernard,* 206 Cal.App.2d 375, 380 [23 Cal.Rptr. 828].) We add, purely as a matter of interest, that we find nothing in the judge's opinion which impeaches the conclusion reached.

Plaintiffs point out that defendant's notice of motion

for a new trial was addressed only to Simon Avalos and makes no reference to Josephine. On this basis they argue that the court had no jurisdiction to grant a new trial which would affect the rights of Josephine, citing *Cox* v. *Certified Grocers of Cal. Ltd.*, 224 Cal.App.2d 26, 30 [36 Cal.Rptr. 48]. Plaintiffs say the motion affected Josephine because (1) her cost judgment was destroyed, and (2) the trial court must have though Josephine was involved because it denied the motion as to her. The short answer is that since the notice of motion did not refer to Josephine, it could not and did not affect her judgment. The judgment in favor of Simon could be and was set aside without affecting her.

■ "The failure to serve a given party will not deprive the court of jurisdiction to grant the motion in so far as it can be granted without affecting the rights of the party not served." (*Caruthers Building Co.* v. *Johnson,* 174 Cal. 20, 24 [161 P. 985].)

The confusion over the costs arises solely because of two faulty memoranda of costs filed by plaintiffs' attorney. The first such document lists items totaling $139.33 but does not indicate the party who incurred the expense nor does it identify the party on whose behalf costs are claimed except that it is verified by one of the attorneys in the firm which appeared for both plaintiffs in the trial court. This memorandum was served and filed with a notice of entry of judgment, also signed by plaintiffs' attorney, which contains the statement: "Memorandum of costs in the amount of $139.33 as to the judgment in favor of Simon Avalos is being served concurrently with this notice." Four days later an amended memorandum of costs was filed. It was in the same form as the first one except that it listed items coming to $214.33. The clerk inserted the sum of $214.33 in the blank space provided in the judgment which then read: ". . . that said plaintiff Simon Avalos in the sum of $11000.00 and plaintiff Josephine Avalos in the sum of $1400.00 have and recover from said defendant Katie Mae Welty together with costs and disbursements incurred in this action, amounting to the sum of $214.33." There was no motion to tax costs under Code of Civil Procedure section 1033.

■ Each of the two plaintiffs sued upon a separate cause of action which might have been the basis of a separate action. Neither plaintiff had an interest in the recovery of the other. Costs should have been claimed for each party separately. (*Lichtenauer* v. *Dorstewitz,* 200 Cal.App.2d 777 [19 Cal.Rptr.

654]; *Fields* v. *Napa Milling Co.*, 164 Cal.App.2d 442, 448 [330 P.2d 459, 68 A.L.R.2d 1052].)

▮ Josephine's recovery of damages was less than the amount which could have been recovered in a municipal court and hence, under Code of Civil Procedure section 1032, subdivision (d), she was not entitled to recover costs unless the trial judge made an order to that effect. It does not appear that any such order was requested or made.

Reading the memorandum of costs together with the notice which accompanied it, the reasonable interpretation is that Josephine never intended to claim costs. This interpretation is reinforced by the fact that she was not legally entitled to do so. The clerk, failing to realize that costs for the two plaintiffs should have been treated separately, entered an ambiguous judgment. But neither of the appellants has been prejudiced by that error. Josephine has a judgment in her favor for at least $1,400, which is all she was entitled to under the law.

Whether Josephine might be able now to have execution for the amount of costs erroneously written into the judgment is not an issue on this appeal. Whatever was hers before defendant moved for a new trial is still hers. The granting of the motion for a new trial as to Simon did not change her position at all.

The fact that the trial judge inadvertently included in his order some language denying the motion for a new trial as to Josephine is of no consequence. For the very reasons argued by plaintiffs' attorney, the court had nothing to rule upon which affected her.

▮ Plaintiffs further contend that the motion for a new trial should have been denied because the moving party failed to file a memorandum of points and authorities as required by rule 203, subdivision (b), of the California Rules of Court. The violation of this rule does not deprive the court of jurisdiction and should not be a ground of reversal unless there is a showing of prejudice. (*Phillips* v. *Barron*, 158 Cal.App.2d 316, 319 [322 P.2d 506].) Plaintiffs do not even suggest that they or the court were handicapped in any way by the lack of a memorandum of law.

Plaintiffs also assert that the defendant abandoned the ground of insufficiency of the evidence at the hearing of the motion. As the basis for that statement, plaintiffs attempt to place an interpretation upon some language in the trial court's memorandum opinion. We are satisfied that the opinion should not be so interpreted, and that the record does

not show any abandonment of the ground on which the motion was granted.

The order is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied November 8, 1965, and appellants' petition for a hearing by the Supreme Court was denied December 15, 1965.