[No. B176299. Second Dist., Div. Four. June 6, 2005.]

ROGELIO ACOSTA et al., Plaintiffs and Appellants, v.
SI CORPORATION, Defendant and Respondent.

COUNSEL

Lee A. Freeman & Associates, Lee A. Freeman and Lawrence Freeman for Plaintiffs and Appellants.

Heller Ehrman White & McAuliffe, Richard DeNatale, Jon L. Rewinski, Gary Ostrick, Jilana L. Miller; Murchinson & Cumming and Friedrich W. Seitz for Defendant and Respondent.

OPINION

EPSTEIN, P. J.—Plaintiffs in a construction defect case appeal from a cost bill after a defense verdict. They argue the memorandum of costs should have been stricken because defendant SI Corporation (SI) did not apportion its costs among the plaintiffs although their claims were separate, rather than joint. We conclude SI was entitled to file a single costs memorandum and was not required to apportion costs among the plaintiffs. The trial court did not err in awarding costs to SI as prevailing party. Plaintiffs also challenge the sufficiency of the evidence to support the cost award. Because the record does not show that the trial court engaged in the itemized review required, and in fact indicated that it did not, we reverse the award and remand so that an itemized review may be made.

## FACTUAL AND PROCEDURAL SUMMARY

This appeal arises from two consolidated construction defect actions involving 101 homes located in the California Marquis tract in Palmdale. (*Acosta et al. v. Kaufman & Broad* (Super. Ct. L.A. County, 1997, No. SC046582); *Alvarez et al. v. Kaufman & Broad* (Super. Ct. L.A. County, 1997, No. SC048043).) The houses were constructed by Kaufman & Broad. The same attorney represented all the plaintiffs in the two actions. Each home was owned by a separate plaintiff or group of plaintiffs. Plaintiffs settled their claims against Kaufman & Broad and dismissed it from the actions. As a part of the settlement, SI was added as a defendant. The fourth amended complaints against SI alleged that it provided Fibermesh for installation in the concrete slabs under the homes instead of welded wire mesh. Plaintiffs alleged the concrete slabs cracked, causing extensive damage to their homes.

Following a number of pretrial motions not relevant here, the consolidated case was tried to a jury on a theory of strict product liability. The jury returned a verdict in favor of SI. SI filed a memorandum of costs, claiming $122,795.08. Plaintiffs moved to tax costs, and argued that the entire cost bill should be stricken because it "attempts to impose all of Defendants' costs, unallocated, jointly and severally on all Plaintiffs despite the fact that the claims of said Plaintiffs were and are separate and not joint." The motion also challenged $36,618.40 of specific cost items. SI opposed the motion.

At oral argument, the trial court referred to the motion to tax and stated, "What I don't want to do, . . . is go through this individually. I have done that too many times, and it's just as tedious as can be. I will do it if I have to, but I don't want to." The matter was taken under submission. The trial court later denied the motion to tax costs in its entirety. We are not provided with a copy of the judgment for costs in favor of SI. Plaintiffs filed a timely appeal.

## DISCUSSION

### I

The only issues on appeal concern the trial court's award of costs to SI. Plaintiffs argue we should review the issue of the apportionment of costs among them as an issue of law on undisputed facts subject to de novo review. We agree. " '[D]e novo review of . . . a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law. [Citations.]' (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 [118 Cal.Rptr.2d 569].)" (*Baker-Hoey v. Lockheed Martin Corp.* (2003) 111 Cal.App.4th 592, 596 [3 Cal.Rptr.3d 593]; see also *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 357 [127 Cal.Rptr.2d 516, 58 P.3d 367] [independent review appropriate where issue involves the proper interpretation of a statute and its application to undisputed facts].)

Plaintiffs argue that their claims for damages were separate, not joint, because 101 different homes were involved in the litigation. It is undisputed that all plaintiffs were represented by the same counsel and that they jointly pursued a single strict liability cause of action at trial. Plaintiffs contend that since their claims were separate, the burden was on SI, in its costs memorandum, to offer a legal or factual basis to apportion costs among the plaintiffs. The plaintiffs assert that the memorandum should have been stricken because SI failed to do so. If their position is wrong, SI would be entitled to a cost award against the plaintiffs jointly, and would then be entitled to collect that amount as it saw fit from the various plaintiffs. Any plaintiff who satisfied the cost award would be entitled to seek contribution from the other plaintiffs in a separate action.

SI concedes that the trial court has discretion to apportion costs under Code of Civil Procedure section 1032. (All further statutory references are to that code.) It argues that this discretion allows trial courts to assess costs jointly and severally against multiple losing plaintiffs who jointly prosecute claims against a prevailing defendant. SI contends that section 1032 does not preclude a joint and several award of costs against multiple losing parties, and cites authority from other jurisdictions where such an assessment has been allowed.

Plaintiffs cite the opposition to their motion to strike the cost memorandum filed by SI to argue that a mathematical apportionment suggested by SI is not appropriate. The proposal to which plaintiffs refer was a fallback position suggested by SI. First SI argued there is no legal support for plaintiffs' argument that SI was required to apportion costs among them. It then

suggested that in the event the trial court found apportionment proper, "the Court may apply a reasonable method for doing so (such as simply splitting the costs pro rata among each of the 101 households)." On appeal, plaintiffs reject the suggested pro rata apportionment, arguing that each household suffered different damages.[1] They do not suggest a specific alternative method of apportionment.

In addition, plaintiffs argue that "even the most cursory review of the record" establishes that SI incurred different costs as to each plaintiff. They contend, for example, that the deposition costs for each plaintiff varied as much as 338 percent. Because of these variances, plaintiffs contend a mechanical division of costs would have been fundamentally unfair and contrary to case law requiring a "case-specific basis of pro-ration."

■ As we shall explain, we do not adopt the approach suggested by plaintiffs. "The right to recover any . . . costs [of a civil action] is determined *entirely* by statute." (*Baker-Hoey v. Lockheed Martin Corp., supra,* 111 Cal.App.4th at p. 597, italics added.) Section 1032 governs the award of costs of trial court litigation. Subdivision (b) states that a prevailing party is entitled as a matter of right to recover costs in any action or proceeding. Subdivision (a)(4) defines "prevailing party": " 'Prevailing party' includes the party with a net monetary recovery, . . . and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034." (§ 1032, subd. (a)(4); hereafter subdivision (a)(4).)

■ The current version of section 1032 is the product of a 1986 major revision of the statutes governing the recovery of costs. The legislation was sponsored by the California Judges Association. (Sen. Rules Com., 3d reading analysis of Sen. Bill No. 654 (1985–1986 Reg. Sess.) as amended July 8, 1986, pp. 1–3.) Senate Bill No. 654, as enacted, repealed former section 1032 and enacted a new section 1032 in its place. Under the new statute, "[t]he fundamental principle of awarding costs to the *prevailing party* remains the same, but whether those costs are awarded as a matter of right or as a matter of the court's discretion now often depends on how the prevailing party is determined. If a party fits one of the definitions of 'prevailing' listed in C.C.P. 1032(a)(4) . . . that party is entitled as a matter of right to recover costs. (C.C.P. 1032(a)(4), 1032(b).) In other situations, the

---

[1] In support of their argument that each household suffered different amounts of damage, plaintiffs cite the awards they obtained in arbitration against Kaufman & Broad Home Corporation.

prevailing party is determined by the court and the award of costs is discretionary." (7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 90, p. 620.) There is no doubt that SI was the prevailing party under the first sentence of subdivision (a)(4). The plaintiffs, joined in this litigation, failed to prove that whatever damages they may have suffered were caused by a defect in the SI product used in their homes.

The relevant question on entitlement to costs is whether a party qualifies as a prevailing party under subdivision (a)(4). Since the 1986 amendment to section 1032, "[t]he allowance of costs as a matter of right *no longer depends on the character of the action involved* but on how the prevailing party is determined. (*Perko's Enterprises, Inc. v. RRNS Enterprises* [(1992)] 4 Cal.App.4th 238, 241–242 [5 Cal.Rptr.2d 470]; see 7 Witkin, [Cal. Procedure,] *supra*, (1996 Supp.) Judgment, § 84, p. 155.)" (*Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1197–1198 [57 Cal.Rptr.2d 227], italics added.)

■ We have found no California authority to support the proposition that a defendant who is sued by several plaintiffs and who fully prevails against all of them bears the burden of apportioning costs where the plaintiffs were represented by the same law firm and pursued a single cause of action in a joint trial. California Rules of Court, rule 870 sets out the procedure by which a prevailing party may claim costs. It states: "A prevailing party who claims costs shall serve and file a memorandum of costs . . . ." It does not specify that separate costs bills must be filed if a defendant prevails against multiple plaintiffs.

Nor does section 1032 explicitly address whether a defendant who prevails against a group of plaintiffs who sued it jointly on a single liability theory must apportion its cost bill among the plaintiffs or groups of plaintiffs. The reason is that in most cases where a defendant is entitled to costs as of right because plaintiffs took nothing in their joint action, there will be nothing to apportion. The costs are joint and several because the plaintiffs joined together (represented by the same attorney) in a single theory of liability against a defendant who prevailed. It is up to the plaintiffs in a motion to tax costs to point out that some costs are not related to the joint theory of liability, but are specific to a particular plaintiff, and it is therefore not fair to include these in a joint award. Plaintiffs did not do so here.

Authority cited by plaintiffs for a contrary position is inapposite. *Avalos v. Welty* (1965) 237 Cal.App.2d 545 [47 Cal.Rptr. 447], was decided long before section 1032 was revised in 1986. In that case, a single personal injury action was filed stemming from an automobile accident. It alleged two causes of

action, one each on behalf of Simon and Josephine Avalos. Each plaintiff prevailed at trial, but the trial court granted new trial as to Simon unless he consented to a reduction in damages, which he did not. Joint appeals were filed from the order granting a new trial. The situation was confused because the trial court's opinion said that new trial was denied as to Josephine, although she had not sought a new trial. On appeal, the plaintiffs argued the trial court had no jurisdiction to grant a new trial because the effect of the order would have destroyed Josephine's right to costs. But Josephine did not seek costs. Counsel for plaintiffs created further confusion by filing a memorandum of costs without specifying the plaintiff on whose behalf it was filed. This error was repeated in an amended memorandum of costs. The court clerk entered the claimed costs in a blank in the judgment, which then provided that Simon and Josephine recover from the defendant "together with costs and disbursements incurred in this action, . . ." (237 Cal.App.2d at p. 547.) Defendant did not move to tax costs.

Plaintiffs cite the following passage from *Avalos*: "Each of the two plaintiffs sued upon a separate cause of action which might have been the basis of a separate action. Neither plaintiff had an interest in the recovery of the other. Costs should have been claimed for each party separately. (*Lichtenauer v. Dorstewitz* [(1962)] 200 Cal.App.2d 777 [19 Cal.Rptr. 654]; *Fields v. Napa Milling Co.* [(1958)] 164 Cal.App.2d 442, 448 [330 P.2d 459, 68 A.L.R.2d 1052].)" (*Avalos v. Welty, supra,* 237 Cal.App.2d at pp. 547–548.) From this, plaintiffs argue: "[G]iven the holding in *Avalos* it seems 'a matter of elemental logic that if costs cannot be claimed or awarded jointly to plaintiffs with severable claims, then costs cannot be awarded jointly against such plaintiffs either.' "

*Lichtenauer v. Dorstewitz, supra,* 200 Cal.App.2d 777, cited in *Avalos* and by plaintiffs, was a personal injury action in which husband and wife sought damages. Each prevailed, although they were not entitled to costs as of right and could receive them only at the discretion of the trial court.[2] The Court of Appeal affirmed an order striking a joint cost bill because the plaintiffs could not aggregate their separate awards to make them eligible for costs as a matter of right.

*Fields v. Napa Milling Co.* (1958) 164 Cal.App.2d 442 [330 P.2d 459] is also inapposite because it involved a motor vehicle collision in which two plaintiffs lost, but a third recovered damages against the defendant. In those

---

[2] The version of section 1032 in effect at the time provided that where the amount recovered was an amount that could have been awarded in the municipal court, the prevailing party " 'shall not recover costs unless the judge, . . . in his discretion, makes an order, allowing costs' " in full or in part. (*Lichtenauer v. Dorstewitz, supra,* 200 Cal.App.2d at p. 778, fn. 1.)

circumstances, the *Fields* court held that the prevailing defendants were entitled to costs from the losing plaintiffs. (*Id.* at p. 450.)

The distinction between these cases and our case is that in our case, the plaintiffs lost at trial, and the defendant won. No one recovered damages against SI. If some plaintiffs had prevailed, they could have filed a consolidated costs memorandum, specifying separate costs incurred by specific plaintiffs. But in light of SI's total victory, the fact that the plaintiffs could have brought their causes of action for products liability separately is irrelevant. Understandably they decided to jointly pursue a single theory of liability against SI. Having done so, and lost, under section 1032, SI is entitled to damages as of right.

Nor is there authority for the proposition that SI was required to apportion the costs among plaintiffs and file separate costs memoranda as to each. Plaintiffs also rely upon *Golf West of Kentucky, Inc. v. Life Investors, Inc.* (1986) 178 Cal.App.3d 313 [223 Cal.Rptr. 539] (superseded by rule as stated in *Cooper v. Westbrook Torrey Hills* (2000) 81 Cal.App.4th 1294 [97 Cal.Rptr.2d 742]). They contend this case supports two aspects of their argument: the legal impropriety of imposing joint cost liability, and the authority of the trial court to apportion a prevailing defendant's costs among various plaintiffs. The costs at issue in *Golf West* were from a successful appeal, rather than the costs incurred in the original trial court proceeding. Section 1032, which governs here, applies only to trial court costs. In *Golf West*, two franchisees filed separate actions against a franchisor. Their actions were consolidated and verdicts entered on behalf of both plaintiffs were reversed on appeal. On remand, the defendant sought appellate costs related to an appeal bond. Plaintiffs moved to tax costs. The trial court apportioned the defense's appellate costs between the two plaintiffs, based upon their respective verdicts which were reversed.

The issue in *Golf West* was the applicability of former California Rules of Court, rule 26[3] governing costs on appeal, and section 995.250, added in 1982, addressing the recovery of costs related to bonds and undertakings. The case did not involve section 1032. Despite these significant distinctions, plaintiffs rely upon the affirmance of the trial court apportionment of costs relating to the surety bond between the plaintiffs.

*Golf West* concluded that the rationale of *Avalos, supra,* 237 Cal.App.2d 545, was equally applicable to the case before it. "Golf West and Will could have prosecuted their actions separately. Neither had any interest in the

---

[3] The California Rules of Court have been reorganized and costs on appeal are now governed by rule 27.

recovery of the other. The trial court thus properly apportioned the costs between them." (*Golf West of Kentucky, Inc. v. Life Investors, Inc., supra*, 178 Cal.App.3d at p. 318.) The *Golf West* court also concluded that the basis of the apportionment was rational. "Golf West and Will were to pay the cost of the bond premium in proportion to their respective judgments. As a result, each party's share of the costs reflected the amount of the premium that Life Investors was forced to incur in appealing from the judgment of each." (*Ibid.*) One other consideration guided the result in *Golf West*. "[T]o impose joint and several liability on litigants who elect to consolidate their actions is to penalize parties for promoting judicial economy. There is no reason in logic or law to place litigants in a position of having to choose between prosecuting their actions individually, or consolidating their claims and potentially being held jointly and severally liable for costs, which may amount to a substantial sum." (*Id.* at pp. 318–319.)

■ The right to costs under the current version of section 1032 was not discussed in *Golf West*. "It is axiomatic that cases are not authority for propositions not considered." (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 150 [18 Cal.Rptr.3d 417], citing *People v. Alvarez* (2002) 27 Cal.4th 1161, 1176 [119 Cal.Rptr.2d 903, 46 P.3d 372].) As in the other cases cited by plaintiffs, in *Golf West*, the plaintiffs prevailed in the trial court, unlike the plaintiffs here.

There is no language either in section 1032 or the companion statutes precluding an award of costs to a prevailing defendant against a group of plaintiffs whose damages claims were individual. Here plaintiffs engaged in joint litigation on a single theory against SI and lost. While it is true that their damages were individual, there was a single theory of liability.

We conclude SI was not required to file separate costs bills against each plaintiff or group of plaintiffs apportioning the defense costs among them.

## II

■ Plaintiffs also challenge the adequacy of the evidence submitted by SI in support of its costs memorandum, and they challenge specific costs claimed. " '[S]ection 1033.5, enacted in 1986, codified existing case law and set forth the items of costs which may or may not be recoverable in a civil action. [Citation.]' (*Van De Kamp v. Gumbiner* (1990) 221 Cal.App.3d 1260, 1291 [270 Cal.Rptr. 907].) An item not specifically allowable under subdivision (a) nor prohibited under subdivision (b) may nevertheless be recoverable in the discretion of the court if 'reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation.'

(§ 1033.5, subd. (c)(2).)" (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 773–774 [23 Cal.Rptr.2d 810].)

The *Ladas* court examined the shifting burdens of proof on a costs memorandum. "If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs. [Citations.] Whether a cost item was reasonably necessary to the litigation presents a question of fact for the trial court and its decision is reviewed for abuse of discretion. (*Lubetzky v. Friedman* (1991) 228 Cal.App.3d 35, 39 [278 Cal.Rptr. 706].) [But] because the right to costs is [strictly governed] by statute (*Hogan v. Ingold* (1952) 38 Cal.2d 802, 814 [243 P.2d 1, 32 A.L.R.2d 834]) a court has no discretion to award costs not statutorily authorized. [Citations.]" (*Ladas v. California State Auto. Assn.*, *supra*, 19 Cal.App.4th at p. 774.)

SI filed a detailed verified memorandum of costs. The memorandum ran 181 pages, and included detailed invoices for depositions; reports and receipts for hotels, meals and other expenses; the expense section of bills submitted by counsel to SI and other documentation. It provided sufficient support for the cost memorandum.

■ As to the specific cost items disputed by plaintiffs, it was the trial court's obligation to review the supporting documents and the basis for plaintiffs' challenges. "[T]rial courts have a duty to determine whether a cost is reasonable in need and amount. However, absent an explicit statement by the trial court to the contrary, it is presumed the court properly exercised its legal duty. (*Ross v. Superior Court* (1977) 19 Cal.3d 899, 913 [141 Cal.Rptr. 133, 569 P.2d 727].)" (*Thon v. Thompson* (1994) 29 Cal.App.4th 1546, 1548–1549 [35 Cal.Rptr.2d 346].)

Here, we have a specific statement to the contrary. At oral argument, the trial court referred to the motion to tax and stated "What I don't want to do, . . . is go through this individually. I have done that too many times, and it's just as tedious as can be. I will do it if I have to, but I don't want to." The matter was taken under submission. The trial court later denied the motion to tax costs in its entirety and did not specifically address the costs challenged by plaintiffs. Under these circumstances, we cannot say that the court fulfilled its obligation to determine whether SI was entitled to the disputed cost items. We remand for that determination.

## DISPOSITION

The order declining to strike SI's cost memorandum is affirmed, and the matter is remanded to the trial court for a specific determination as to whether SI is entitled to an award of the disputed cost items. Each side is to bear its own costs on appeal.

Curry, J., and White, J.,* concurred.

Appellants' petition for review by the Supreme Court was denied September 28, 2005.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.