Filed 6/20/13  Morris v. Wilson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TARON EUGENE MORRIS et al., | |
| Plaintiffs and Respondents, | G047534 |
| v. | (Super. Ct. No. 30-2010-00344370) |
| JACOB DANIEL WILSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Reversed and remanded with directions.

Law Offices of Tioni A. Pham, Tioni A. Pham; and Grace Ogburn for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

## INTRODUCTION

The only issue in this appeal is whether a defendant who may be entitled to costs under Code of Civil Procedure section 998[1] – because the plaintiffs did not accept his offers to compromise and did not do better at trial – must apportion the costs between or among multiple plaintiffs. The trial court denied the motion of appellant Jacob Wilson to assess costs and enter judgment against respondents Taron Morris and Janae Vannell because he filed a single memorandum of costs, without indicating which costs applied to which plaintiff.

We reverse. We have found no authority for requiring a defendant whose costs may exceed the plaintiffs' jury verdict to apportion costs when he files his memorandum of costs after the plaintiffs proceeded in lockstep on a single theory and were represented by the same attorney. If the plaintiffs objected to the costs bill, they were required to move to tax costs in the trial court. They made no such motion.[2] We return the matter to the trial court to evaluate Wilson's request for costs and a judgment in his favor.

## FACTS

Morris and Vannell sued Wilson for negligence in connection with a car accident involving both of them. The same lawyer represented both plaintiffs, and the single complaint stated causes of action on behalf of both plaintiffs together. Wilson made individual statutory offers to compromise to each plaintiff for $10,000 in February 2011, offers that neither plaintiff accepted.

The case went to trial in November 2011. The jury awarded Morris $7,000 and Vannell $6,000 in total damages (including general damages).

---

[1] All further statutory references are to the Code of Civil Procedure.
[2] Respondents have also not filed a brief in this court.

Plaintiffs filed a posttrial memorandum of costs seeking over $9,000 in costs. Wilson filed a motion to tax costs, which the court granted in its entirety, reducing the plaintiffs' total costs award to $485.

Wilson then filed his own memorandum of costs, along with a motion to amend the judgment to award to him the difference between his postoffer costs and the amounts the jury awarded to plaintiffs. He claimed over $16,000 in costs, an amount that exceeded the jury awards to both plaintiffs by about $2,000. Plaintiffs did not oppose this motion.

The trial court issued a tentative ruling denying the motion because Wilson had not apportioned his costs. On the day of the hearing, Wilson filed an additional declaration breaking out the costs he was seeking for each plaintiff. The court refused to consider the declaration, because of the late filing, and the tentative ruling became final.

## DISCUSSION

We review an issue of statutory or rule of court interpretation de novo. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81.) Section 998 permits either a defendant or a plaintiff to serve an offer to compromise not less than 10 days before trial commences. If an offer is not accepted before trial or within 30 days after it is made, it is deemed withdrawn. (§ 998, subd. (b).)

Section 998, subdivision (c)(1), provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment . . . the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, . . . the court . . . , in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial . . . , or during trial . . . , of the case by the defendant." Section 998, subdivision (e), provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment . . . , the costs under this section, from

3

the time of the offer, shall be deducted from any damages awarded in favor of the plaintiff. If the costs awarded under this section exceed the amount of the damages awarded to the plaintiff the net amount shall be awarded to the defendant and judgment . . . shall be entered accordingly."

Having allowed Wilson's offers to compromise to lapse and having obtained a less favorable judgment at trial, Morris and Vannell cannot collect any postoffer costs.[3] They are also required to pay Wilson's postoffer costs and may be liable for expert witness fees, in which case Wilson's costs may exceed their jury awards. If they do, Wilson would be entitled to a judgment in his favor. The question then becomes whether any statute or rule required Wilson to apportion his costs between the two plaintiffs.

A verified memorandum of costs is prima facie proof of their propriety, and it is the responsibility of the party opposing the costs to point out errors. (*Ray v. Clark* (1922) 57 Cal.App. 467, 468-469.) "The 'failure to file a motion to tax costs constitutes a waiver of the right to object'" to a costs bill. (*Douglas v. Willis* (1994) 27 Cal.App.4th 287, 289-290.)

*Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370 (*Acosta*), presented a set of facts similar to the facts in this case. In *Acosta*, a group of plaintiffs sued SI Corporation on a single theory – liability for a defective product – and lost. The company submitted a single costs bill for all the plaintiffs, and the plaintiffs moved to tax costs on the ground that the company had to apportion costs among all the plaintiffs. The appellate court held that section 1032 did not require a prevailing defendant to apportion costs among plaintiffs "where the plaintiffs were represented by the same law firm and pursued a single cause of action in a joint trial." (*Acosta*, *supra*, 129 Cal.App.4th at p.

_____

[3] Morris and Vannell have not appealed from the trial court's ruling on Wilson's motion to tax costs. Although they are entitled to add their allowed (pre-offer) costs to the amounts awarded by the jury to determine whether they received a more favorable judgment (see *Adam v. DeCharon* (1995) 31 Cal.App.4th 708, 712), the costs award did not boost their amounts over $10,000.

4

1376.)  The court further pointed out that the California Rules of Court relating to the filing of costs bills speak of a "memorandum of costs" in the singular, not separate ones for each nonprevailing party.  (*Ibid.*; see Cal. Rules of Court, rule 3.1700(a)(1).)  Finally, the court held that the nonprevailing plaintiffs were jointly and severally liable for costs "because the plaintiffs joined together (represented by a single attorney) in a single theory of liability against a defendant who prevailed.  It is up to the plaintiffs in a motion to tax costs to point out that some costs are not related to a joint theory of liability, but are specific to a particular plaintiff, and it is therefore not fair to include these in a joint award."  (*Acosta*, *supra*, 129 Cal.App.4th at p. 1376.)

Although we have found no published case addressing the issue in this case, we conclude a defendant whose offer to compromise was larger than the plaintiff's subsequent award is in much the same position for cost-assessment purposes as the prevailing defendant in *Acosta*.  Where, as here, a defendant was sued jointly by multiple plaintiffs on a single theory of liability and represented by the same attorney, there is no requirement to apportion the costs requested under section 998 between or among plaintiffs.  Plaintiffs who object must file a motion to tax costs, pointing out the postoffer items that were specific to each plaintiff.

In this case, Morris and Vannell did not object to Wilson's memorandum of costs.  The trial court, however, did it for them, in the tentative ruling.  After reading it, Wilson filed a declaration apportioning the costs between the two plaintiffs, a declaration the trial court refused to consider because of its late filing.[4]  Under these circumstances, the court should have considered the declaration, continuing the hearing if necessary.

We return the matter to the trial court for this purpose:  to consider the memorandum of costs and the declaration, to award those costs to Wilson to which he is

---

[4]  The trial court deplored the tendency of counsel to treat tentative rulings as invitations to fix whatever was wrong with the motion at the last minute.  While this is a valid criticism in most cases, in this case Wilson's counsel had little choice, because the motion was unopposed, and he could not learn of the purported flaw until the tentative ruling was issued, on the afternoon before the hearing.

entitled, to exercise its discretion as to the expert fees, and to enter judgment accordingly. We note, however, that some of the costs on Wilson's memorandum are pre-offer costs, which he, as a losing defendant, may not recover.[5] (See *Ladas v. California State Auto. Assn* (1993) 19 Cal.App.4th 761, 774 [court has no discretion to award costs not authorized by statute].)

## DISPOSITION

The order denying Wilson's motion to augment the judgment is reversed and the matter is remanded to the trial court with instructions to rule on Wilson's memorandum of costs and apportionment declaration under sections 998, 1032 and 1033.5 and to enter judgment accordingly. Appellant is entitled to his costs on appeal.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.

---

[5] We also note an entry for "attachment expenses"; there is no record of any attachment proceedings in this case.