Filed 8/24/15  Leduc v. West Anaheim Medical Center CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LANANH LEDUC, | |
| Plaintiff and Appellant, | G049895 |
| v. | (Super. Ct. No. 30-2010-00420798) |
| WEST ANAHEIM MEDICAL CENTER et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Lananh Leduc, in pro. per., for Plaintiff and Appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker and Dean A. Rocco for Defendants and Respondents.

## INTRODUCTION

Lananh Leduc appeals from an order taxing costs that she filed after losing a court trial against her former employer, West Anaheim Medical Center (West Anaheim).[1] West Anaheim moved for its costs, and Leduc objected on several grounds to the amounts requested. She also asserted that the entire memorandum of costs should be stricken for untimely filing.

We affirm the order taxing costs. The trial court may consider a late-filed memorandum of costs so long as the opposing party is not prejudiced, and Leduc presented no evidence of any prejudice. The amount of costs awarded is committed to the trial court's discretion, as is the reasonableness of the items requested. We cannot see that the trial court abused its discretion in determining either the amount to be awarded or the necessity to the conduct of the litigation of the items listed in the memorandum as to which the court denied Leduc's motion.

## FACTS

After obtaining a judgment in its favor in Leduc's wrongful termination lawsuit, West Anaheim submitted a memorandum of costs in the amount of $29,128. Leduc made a motion to tax various costs, which was granted in part and denied in part. She also asked the court to strike the entire memorandum as untimely filed.

The trial court denied Leduc's request to strike the memorandum of costs entirely, finding that she had not shown any prejudice, even assuming the memorandum had been filed late. The court granted her motion as to the sums West Anaheim sought for models and blowups and for service of process, denying any recovery at all for those charges. It denied Leduc's motion as to depositions and travel costs, finding them "appropriate" and "authorized."

---

[1] In a companion opinion issued today, we affirm the trial court's judgment in favor of West Anaheim. (*Leduc v. West Anaheim Medical Center* (Aug. 24, 2015, G049298) [nonpub. opn.].)

2

On appeal, Leduc objects to the amounts awarded for videotaped depositions, for deposition transcripts, and for the deposition of her physician, as well as the necessity for deposing her doctor at all and for videotaping. (She does not object to the amounts awarded for travel.) She also renews her objection to the award of costs on the ground of untimely filing. Finally, she maintains that West Anaheim is not entitled to an award for any cost for which it has not submitted an invoice.

## DISCUSSION

"The trial court's exercise of discretion in granting or denying a motion to tax costs will not be disturbed if substantial evidence supports its decision." (*Jewell v. Bank of America* (1990) 220 Cal.App.3d 934, 941.) To the extent the statute grants the court discretion in allowing or denying costs or in determining amounts, we reverse only if there has been a "'clear abuse of discretion' and a 'miscarriage of justice.'" (*Heller v. Pillsbury Madison & Sutro* (1996) 50 Cal.App.4th 1367, 1395, quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.) Interpreting a statute is, of course, a matter of law, which we review de novo. (*Acosta v. SI Corp.* (2005) 129 Cal.App.4th 1370, 1374.) Under Code of Civil Procedure[2] section 1032, subdivision (b), the prevailing party is entitled to recover the costs listed in section 1033.5.

The burden of proof on a motion to tax costs depends upon the nature of the costs being challenged. "If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.) All of the costs at issue in this appeal are specifically recoverable under the Code of Civil Procedure. Leduc therefore had the burden of proving them unreasonable and/or unnecessary.

---

[2] All further statutory references are to the Code of Civil Procedure.

3

On appeal, Leduc makes two main arguments.  First, she argues West Anaheim filed its cost memorandum too late, thereby waiving its entitlement to costs altogether.  She also disputes several items listed on the memorandum as ineligible for recovery.

California Rules of Court, rule 3.1700 requires a prevailing party who claims costs to serve and file a memorandum of costs within 15 days after the date the clerk mails the notice of entry of judgment, 15 days after the date of service of written notice of entry of judgment, or 180 days after entry of judgment, whichever is first.  The time limits for filing a memorandum of costs are not jurisdictional, and the court has discretion to allow a late filing in the absence of prejudice to the opposing party.  (*Pollard v. Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374, 380-381; *Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485, 487-488.)

The trial court found that Leduc was not prejudiced by the late filing, as she had a full opportunity to brief her objections.[3]  As a matter of law, the trial court was not prevented from considering the memorandum of costs, and it did not abuse its discretion in so doing.

Leduc also challenges the amount of the award, asserting the court should not have included charges for videotaping her depositions, for "real-time" deposition transcripts, and for deposing her treating physician, who did not testify at trial.  As to this last item, the recovery of deposition costs does not depend on whether the deponent ultimately testifies at trial.  (See *Culbertson v. R.D. Werner Co., Inc.* (1987) 190 Cal.App.3d 704, 711-712.)  The standard is whether the cost is "reasonably necessary to the conduct of the litigation."  (§ 1033.5, subd. (c)(2).)  Reasonable necessity is, again, subject to the court's discretion.  (*Ladas v. California State Auto. Assn., supra,* 19

---

[3]    Leduc also argues that the five-day extension of section 1013 for mailed notices does not extend the time to file a memorandum of costs.  We need not decide this issue.  Even if the memorandum was six days late instead of one, Leduc did not demonstrate any prejudice.

4

Cal.App.4th at p. 774.)  In this case, the court found that the deposition was reasonably necessary, and there is nothing in the record to gainsay that finding.

As to the expense of videotaping depositions, section 1033.5, subdivision (a)(3), specifically lists the cost of video recording depositions as allowable.  Leduc objected only to the additional cost of videotaping her own deposition (three sessions) as unnecessary.  The trial court found this expense "appropriate."

Leduc's reliance on *Science Applications Internat. Corp. v. Superior Court* (1995) 39 Cal.App.4th 1095 to support her argument that the videotaping represented an unnecessary cost is misplaced.  The court in that case did not find that videotaped depositions were unnecessary and therefore not allowed; it found that the prevailing party could not recover the cost of assembling an edited version of the videotaped depositions – in essence, a movie.[4]  (*Id.* at p. 1105.)  Moreover, section 2025.620, subdivision (b), permits an adverse party to use the deposition of a party for *any* purpose, even if the deponent is available to testify.  The use of a party's deposition is not, as Leduc argues, allowable only if the deponent is unavailable.

Once again, the standard for awarding costs is that they are "reasonably necessary to the conduct of the litigation," not necessarily that they were used at trial.  (§ 1033.5, subd. (c)(2).)  As a matter of fact, in this case Leduc's videotaped depositions *were* used at trial, and they proved to be quite effective as impeachment evidence.  The court did not abuse its discretion in allowing West Anaheim to recover their cost.

Leduc also objected to the expense involved in obtaining "real-time" deposition transcripts.[5]  Leduc provided no authority or evidence for the notion that a

_____

[4]  Leduc misrepresents the holding of *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, which she cites to support her argument.  The court did not disallow the cost of videotaped depositions.  It upheld the trial court's decision not to allow the cost of videotapes and laser discs as examples of "'[m]odels and blowups of exhibits.'  [Citation.]"  (*Id.* at pp. 132-133; see § 1033.5, subd. (a)(13).)

[5]  In her motion to tax costs, Leduc objected to the amounts claimed for the transcripts of several deponents.  On appeal she objects only to the three sessions of her own deposition.

5

real-time deposition transcript is more expensive than some other kind or even that in modern litigation practice some other kind of transcript is customarily available. Again, the trial court considered her objections and found this expense reasonably necessary.

Finally, Leduc argues that West Anaheim cannot recover costs for which it submitted no invoices. "There is no requirement that copies of bills, invoices, statements, or any other such documents be attached to the memorandum. Only if the costs have been put in issue via a motion to tax costs must supporting documentation be submitted. [Citation.]" (*Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1267.)

Leduc's motion did not put at issue the *amounts* of any costs except for those of the deposition transcripts – she disputed West Anaheim's entitlement to recover anything at all for the other categories.[6] Thus West Anaheim did not need to submit invoices or bills for the other categories to which Leduc objected. There was no error.

## DISPOSITION

The order granting in part and denying in part Leduc's motion to tax costs is affirmed. Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

---

Leduc argues on appeal that West Anaheim waited until just before the original trial date to take the last session of her deposition, thereby incurring extra expenses for expedited transcripts, which should not have been awarded. She also claims her deposition could have been conducted in two sessions rather than three. She did not raise either argument in the trial court, and we do not consider an argument raised for the first time on appeal without some explanation for its belatedness. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592.)

[6] West Anaheim submitted an invoice for one of the deposition transcripts to show that Leduc had misrepresented the nature of the cost.

6